# JOSEPH ABRUZZO
### CLERK OF THE CIRCUIT COURT & COMPTROLLER
### PALM BEACH COUNTY

**CASE NUMBER: 50-2025-CA-006554-XXXA-MB**
**CASE STYLE: MELILLO, JANET V VEYER LLC**
ACCESS LEVEL: D

| Search Criteria | Search Results | Case Info | Party Names | Dockets & Documents | Case Fees | Court Events |
|---|---|---|---|---|---|---|

View documents and order certified copies*. See our eCaseView FAQ for step-by-step guidance and information about what documents are available online.

**Document Icons**

Document available. Click icon to view.

Add a certified copy of the document to your shopping cart.

Document is Viewable on Request (VOR). Click to request.

VOR document is being reviewed. Click to be notified when available.

**0**

Public =        VOR =        In Process =        Page Size: 25

| | | DIN | Effective Date | Description | Notes |
|---|---|---|---|---|---|
| | | 2 | 07/01/2025 | CIVIL COVER SHEET | |
| | | 3 | 07/01/2025 | COMPLAINT | F/B PLT |
| | | 1 | 07/03/2025 | DIVISION ASSIGNMENT | AA: Circuit Civil Central - AA (Civil) |
| | | 4 | 07/03/2025 | PAID $401.00 ON RECEIPT 5855888 | $401.00 5855888 Fully Paid |
| | | 5 | 07/04/2025 | DCM DESIGNATION TO THE GENERAL TRACK WITH JURY TRIAL ORDER | GREGORY M. KEYSER 07/04/2025 |
| | | 6 | 07/08/2025 | ~~CORRECT AND RESUBMIT SUMMONS NOT ISSUED PURSUANT TO ADMINISTRATIVE ORDER NO. 2.207, ALL SUMMONSES, COMMUNICATIONS NOTICING COURT PROCEEDINGS, PROCEEDINGS BEFORE GENERAL MASTERS, AND MEDIATION PROCEEDINGS SHALL INCLUDE THE FOLLOWING LANGUAGE ADA-NOTICE.PDF (15THCIRCUIT.COM). | pmh@rgph.law;niuri.reyes@rgph.law;jag@rgph.law PURSUANT TO ADMINISTRATIVE ORDER NO. 2.207, ALL SUMMONSES, COMMUNICATIONS NOTICING COURT PROCEEDINGS, PROCEEDINGS BEFORE GENERAL MASTERS, AND MEDIATION PROCEEDINGS SHALL INCLUDE THE FOLLOWING LANGUAGE ADA-NOTICE.PDF (15THCIRCUIT.COM). |

| | | 7 | 07/08/2025 | ~~CORRECT AND RESUBMIT SUMMONS NOT ISSUED PURSUANT TO ADMINISTRATIVE ORDER NO. 2.207, ALL SUMMONSES, COMMUNICATIONS NOTICING COURT PROCEEDINGS, PROCEEDINGS BEFORE GENERAL MASTERS, AND MEDIATION PROCEEDINGS SHALL INCLUDE THE FOLLOWING LANGUAGE ADA-NOTICE.PDF (15THCIRCUIT.COM). | pmh@rgph.law;niuri.reyes@rgph.law;jag@rgph.law PURSUANT TO ADMINISTRATIVE ORDER NO. 2.207, ALL SUMMONSES, COMMUNICATIONS NOTICING COURT PROCEEDINGS, PROCEEDINGS BEFORE GENERAL MASTERS, AND MEDIATION PROCEEDINGS SHALL INCLUDE THE FOLLOWING LANGUAGE ADA-NOTICE.PDF (15THCIRCUIT.COM). |
| | | 8 | 07/11/2025 | PAID $20.00 ON RECEIPT 5865547 | $20.00 5865547 Fully Paid |
| | | 9 | 07/14/2025 | SUMMONS ISSUED | pmh@rgph.law;niuri.reyes@rgph.law;jag@rgph.law AS TO DFT VEYER LLC |
| | | 10 | 07/14/2025 | SUMMONS ISSUED | pmh@rgph.law;niuri.reyes@rgph.law;jag@rgph.law AS TO DFT OFFICE DEPOT INC |
| | | 11 | 07/30/2025 | NOTICE OF APPEARANCE CIVIL | AND DESIGNATION OF EMAIL ADDRESSES FB ATTY GARCIA OBO DFT |
| | | 12 | 07/30/2025 | NOTICE OF APPEARANCE CIVIL | FB ATTY STEWART OBO DFT |
| | | 13 | 08/07/2025 | ORDER EXTENDING TIME | KEYSER; TO RESPOND TO PLTF'S COMPLAINT UP AND UNTIL 8/21/2025 DTD 8/7/2025 |

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

## I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Janet Melillo</u>
Plaintiff                                                   Case # _____
                                                            Judge _____

vs.

<u>Veyer LLC, OFFICE DEPOT INC</u>
Defendant

---

## II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT A CERTIFIED COPY

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**      **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**      **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  4

**VI.**      **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**      **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**      **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**      **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd        Fla. Bar # 188239
       Attorney or party            (Bar # if attorney)

Peter M Hoogerwoerd          07/01/2025
(type or print name)           Date

NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.:

JANET MELIILO

      Plaintiff,

v.

VEYER LLC.,
Foreign Limited Liability Company and
OFFICE DEPOT INC.,
Florida Profit Corporation

      Defendant.

_____/

## COMPLAINT

      Plaintiff JANET MELILLO ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, VEYER LLC. and OFFICE DEPOT INC. ("Defendant"), and alleges as follows:

1. This is an action for damages resulting from Defendant's violations of the Family and Medical Leave Act ("FMLA") and the Florida Civil Rights Act of 1992 ("FCRA").

2. Plaintiff was, at all times relevant to this action, employed by Defendant in Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

3. Defendant has been organized and existing under the laws of the State of Florida and has been an "employer" as that term is used under the applicable laws, including the FMLA and the FCRA.

NOT A CERTIFIED COPY

4. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

5. Prior to seeking medical leave, Plaintiff had been employed by Defendant for at least twelve (12) months, and he had worked at least 1,250 hours during those twelve (12) months.

6. Venue is proper in Palm Beach County because all of the actions that form the basis of this Complaint occurred within Palm Beach County.

7. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Defendant employed Plaintiff as an Operations Supervisor from on or about February 4, 2020, through on or about July 18, 2022.

10. While employed by Defendant, Plaintiff was diagnosed with cancer. Despite undergoing chemotherapy and multiple medical procedures, she continued to report to work.

11. In or around August 2021, Plaintiff's doctor advised her to take medical leave due to her condition. Based on this advice, Plaintiff began an FMLA leave of absence from August 2021 through September 1, 2022.

12. On or about May 17, 2022, Kanisha Sims, a Human Resources representative, emailed Plaintiff a document requesting that her doctor provide a signed statement indicating her expected return-to-work date.

13. Plaintiff complied with the request, and her doctor confirmed in writing that she would return to work on September 1, 2022. Human Resources acknowledged receipt of the completed form via email.

14. On or about July 18, 2022, Plaintiff received an email from Defendant's corporate office stating that she was being terminated for allegedly failing to notify them of her return-to-work date.

## COUNT I
### *Interference with Rights Under the FMLA*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. Plaintiff is an individual entitled to protection under the FMLA.

17. Plaintiff is an employee within the meaning of the FMLA.

18. Plaintiff engaged in protected activity within the meaning of the FMLA.

19. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

20. Defendant's actions constitute violations of the FMLA.

21. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein, plus an equal amount as liquidated damages;

3

    C.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT II</u>
*Retaliation Under the FMLA*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

23. Plaintiff is an individual entitled to protection under the FMLA.

24. Plaintiff is an employee of Defendant within the meaning of the FMLA.

25. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

26. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

27. Defendant's actions constitute a violation of the FMLA.

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein, plus an equal amount as

NOT A CERTIFIED COPY

4

liquidated damages;

C. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation Under the FCRA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

30. Defendant is an employer as that term is used under the applicable statutes referenced above.

31. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

32. The foregoing unlawful actions by Defendant were done purposefully.

33. Plaintiff voiced her opposition to the unlawful employment practices to which she had been subjected during her employment with Defendant, and she was subsequently the victim of retaliation, as described in part above.

34. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter.  There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

35. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment,

humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

36. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### *COUNT IV*
### *Disability Discrimination on Violation of FCRA*

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this Complaint as if set out in full herein.

38. Plaintiff is a member of a class of persons protected in their employment against discrimination within the meaning of the FCRA, as he is a former employee of Defendant who suffered from,

or was regarded as suffering from, one or more physical or mental health conditions that caused her to experience substantial limitations to her ability to perform one or more major life activities, as related in part above.

39. As a result of Plaintiff's condition(s), Plaintiff experienced substantial limitations to her ability to perform one or more major life activities, as related in part above.

40. At all times material hereto, Plaintiff was qualified for her position with Defendant and could perform the essential functions of her position with or without the use of a reasonable accommodation.

41. Plaintiff was known to have or regarded as having a disability by Defendant and Defendant's managers and/or supervisory personnel, as Plaintiff had informed Defendant of her injuries that led to her conditions that substantially limited her ability to perform one or more major life activities, several of which occurred at or were related to her position with Defendant and Defendant had knowledge of the surgeries Plaintiff needed related to her condition(s).

42. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability or perceived disability and subjected the Plaintiff to disability-based animosity.

43. Such discrimination was based upon the Plaintiff's disability or perceived disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability or was regarded as having a disability.

44. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

7

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

46. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and federal law.

49. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State and federal law, to punish the Defendant for its actions and to deter it, and others, from engaging in such action in the future.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated July 1, 2025

Respectfully submitted,

/s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd esq.
Florida Bar No.: 188239
pmh@rgph.law
**REMER, GEORGES-PIERRE &
HOOGERWOERD PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, Fl 33134
Tel:  305-416-5000

9



**JOSEPH ABRUZZO**

**RECEIPT**

5855888

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
07/03/2025 11:01
Page 1 of 1

| Receipt Number: 5855888 - Date 07/03/2025  Time 11:01AM | | | |
|---|---|---|---|
| **Received of:** | REMER GEORGES PIERRE  HOOGERWOERD PLLC<br>2745 PONCE DE LEON BLVD<br>CORAL GABLES, FL 33134 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 401.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 401.00 |
| **Receipt ID:** | 12305244 | **Remaining Balance:** | 0.00 |
| **Division:** | AA: Circuit Civil Central - AA(Civil) | | |

| Case# 50-2025-CA-006554-XXXA-MB -- PLAINTIFF/PETITIONER: MELILLO, JANET | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 401.00 | 401.00 | 0.00 |
| **Case Total** | **401.00** | **401.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 15550272 | **401.00** |
| **Total Received** | | **401.00** |
| **Total Paid** | | **401.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AA"
CASE NO.: 502025CA006554XXXAMB
JANET MELILLO,
        Plaintiff/Petitioner
vs.
VEYER LLC,
OFFICE DEPOT INC,
        Defendant/Respondents.
_____/

### UNIFORM DIFFERENTIATED CASE MANAGEMENT ORDER
### AND ORDER SETTING TRIAL
(DCMGJT)

   **THIS MATTER** is a Circuit Civil case calling for a jury trial. Pursuant to Fla. R. Gen. Prac. & Jud. Admin. 2.250(a)(1)(B) and 2.545(b), and Fifteenth Judicial Circuit Administrative Order 3.110 (as amended), **Plaintiff/Petitioner is directed to serve this Order upon each Defendant/Respondent with the initial Complaint/Petition and Summons**.

   It is hereby **ORDERED AND ADJUDGED** that this case is designated to the **GENERAL TRACK** for time to disposition. The deadlines and procedures set forth in this Order will be strictly enforced unless changed by court order.

Consistent with the Professionalism Expectations of the Florida Supreme Court and the Florida Bar, the parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements. Self-Represented/*Pro Se* Litigants (i.e., those without counsel) are held to the same procedural and legal obligations as are imposed upon counsel.

I. **SCHEDULING**

   A.  **Calendar Call**

      **YOU MUST APPEAR FOR A MANDATORY CALENDAR CALL on April 16, 2027 at 9:00 am**. The parties must be ready to try the case by that date. The actual trial period begins on the docket associated with this Calendar Call date as provided in Divisional Instructions or by court order.

      Calendar Call may be conducted in person, via Zoom or by e-calendar. All parties are instructed to review the Court's Divisional Instructions for specific procedures at www.15thcircuit.com/divisions.

Case No. 50-2025-CA-006554-XXXA-MB

At the Calendar Call, the Court may conduct a final case management conference. Attorneys who appear for Calendar Call must be prepared on all pending matters and have authority to make representations to the Court and enter into binding agreements concerning motions, issues, and scheduling. These include issues raised by the parties' Pre-Trial Stipulation; trial procedures; jury selection procedures; jury instructions and objections; and the need for any special equipment, courtroom facilities, or interpreters. An appearing attorney must be prepared to advise the Court of all attorneys' availability for trial and future hearings as necessary.

**This Order serves as notice to the parties that failure to attend Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing.** *See* **Fla. R. Civ. P. 1.200(j)(6).**

B. **Case Management Deadlines**

The following deadlines strictly apply unless otherwise modified by the Court:

|   | EVENTS | COMPLETION DEADLINE |
|---|---|---|
| 1. | Service of Complaint | October 29, 2025; service under extension is only by court order. |
| 2. | Answer and/or initial motions/objections directed to the pleadings (i.e. to dismiss or strike) | 20 days after service |
| 3. | Initial Discovery Disclosures | 60 days after service |
| 4. | Amendment of pleadings/Adding parties | March 8, 2026 |
| 5. | Resolution of all motions/objections directed to the pleadings and pleadings closed | April 27, 2026 |
| 6. | Disclosure of Expert Witness(es) | September 28, 2026 |
| 7. | Disclosure of Rebuttal Experts | October 28, 2026 |
| 8. | Inspections, Expert Witness Depositions and Compulsory Examinations completed | January 16, 2027 |
| 9. | File Witness & Exhibit Lists | January 26, 2027 |
| 10. | Completion of Discovery relating to Summary Judgment and *Daubert* Motions | January 16, 2027 |
| 11. | File and Serve Motion(s) for Summary Judgment and *Daubert* Motions | January 26, 2027 |
| 12. | File Rebuttal Witness Lists | February 15, 2027 |
| 13. | Completion of All Discovery | March 7, 2027 |
| 14. | Pre-Trial Meet & Confer | March 17, 2027 |
| 15. | File all Pre-Trial Motions (i.e. Motions in Limine) | March 17, 2027 |
| 16. | Deadline for Mediation | April 6, 2027 |
| 17. | Deposition Designations | April 6, 2027 |
| 18. | File Joint Pre-Trial Stipulation | April 6, 2027 |

Case No. 50-2025-CA-006554-XXXA-MB

| 19. | Deadline to hear ALL Motions | April 11, 2027 |
|---|---|---|
| 20. | Jury Instructions and Verdict Form | April 13, 2027 |
| 21. | Calendar Call/Trial Ready Date | April 16, 2027 |
| 22. | Trial Period | Begins on the docket associated with the above Calendar Call date, as provided in Divisional Instructions or by court order. |

**Note: If the above deadlines fall on a weekend or holiday, please refer to Fla. R. Gen. Prac. & Jud. Admin. 2.514.**

The parties are expected to actively manage the case and to confer early and often to ensure compliance with the Florida Rules of Civil Procedure and this order in timely resolving this case. **The parties are encouraged to file, meet, and make disclosures prior to the deadlines imposed above, in order to ensure compliance with the Rules requiring timely disposition of cases**.

The Court may, at any time, modify this Order by entry of: 1) an Amended Trial Order, 2) an Amended Case Management Order; or 3) any other Order intended to establish a modified case resolution schedule, any of which shall supersede the deadlines set forth in this Order. The Court reserves the authority to expedite the trial setting and amend pretrial deadlines accordingly. The Court further retains its discretion to modify any provision herein.

C. **Motions**

Unless court approval is required to set a particular motion for hearing, the parties must expeditiously set all contested motions for hearing. All non-dispositive motions, including motions directed to the pleadings, must be scheduled for hearing within **five (5) days** of filing. Parties shall schedule the hearing for the first vacancy on the Court's docket when all parties are available. **Failure to schedule a hearing within five (5) days may result in the Court deeming the motion(s) abandoned without further notice or hearing**.

The moving party shall be the party responsible for securing the presence of a court reporter. The moving party shall advise all parties in writing in advance of the hearing or trial of the arrangements made, if any, for the presence of a court reporter, or shall advise all parties in advance of the hearing or trial that the moving party has chosen not to obtain a court reporter.

Before filing a non-dispositive motion, the movant must follow Rule 1.202 and Local Rule 4. Failure to comply with the requirements of Rule 1.202 and Local Rule 4 may result in sanctions against the non-compliant party.

The requirements of Rule 1.202 do not apply when the movant or the nonmovant is unrepresented by counsel *(pro se)*.

Case No. 50-2025-CA-006554-XXXA-MB

D. **Extensions, Modifications and Continuances**

**Extensions of Deadlines Other than Trial/Calendar Call: All motions to extend deadlines must be filed prior to the deadline**. Untimely motions will be denied absent compelling circumstances and a showing of good cause.

The parties must strictly follow Rule 1.200(e) and Administrative Order 3.110 (as amended) when filing motions for extension or modification. If the parties agree, and the extension will not prevent the case from being trial ready by the original Calendar Call date, the parties may file a motion and submit for the Court's consideration an agreed order or proposed Amended DCMO, as applicable under Rule 1.200(e)(1). The motion shall identify which deadlines are requested to be extended and the basis for the request. Each agreed order or Amended DCMO must contain agreed-upon dates for all remaining deadlines and confirm that the Calendar Call date remains as previously set. The Court will accept the amendment or direct the parties to set a DCM Conference. **Agreements to extend the dates for the filing of Summary Judgment and *Daubert* motions, and for completion of discovery, must be set for hearing, and the parties must be prepared to address how the proposed extension will not affect the Calendar Call date.**

**Motions to Continue Trial:** Motions to continue trial must strictly comply with Rule 1.460. **Motions to continue are disfavored and will rarely be granted and then only upon good cause shown. Successive continuances are highly disfavored. Lack of due diligence in preparing for trial is not grounds to continue the case.** Failure to timely complete discovery and/or file a motion for summary judgment shall not be grounds to continue the trial.

E. **DCM Conferences**

If any party is unable to meet the deadlines set forth in this Order for any reason, including unavailability of hearing time, the affected party must promptly set a DCM conference as described in Administrative Order 3.110 (as amended), identifying the hearing time requested and the pending motion(s). DCM conferences shall be scheduled through online scheduling (OLS) on either the Court's: 1) DCM - Case Management Conference docket; or 2) Uniform Motion Calendar, in accordance with Divisional Instructions.

II. **UNIFORM PRE-TRIAL PROCEDURE**

A. TIMELY SERVICE AND DEFAULTS

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within ninety (90) days, an Order will be issued directing service by the **ONE-HUNDRED TWENTY (120) DAY DEADLINE.** Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **thirty (30) days** of the last default and set for hearing at the next available hearing time.

B.  INITIAL DISCLOSURES

Within **sixty (60) days after service** on a defendant, and except as exempted by Rule 1.280(a)(2) or as ordered by the court, each party must, without awaiting a discovery request, provide to the other parties initial discovery disclosures in compliance with Rule 1.280(a), unless privileged or protected from disclosure.

C.  EXHIBITS AND WITNESSES

No later than **eighty (80) days before Calendar Call**, each party shall file and exchange lists of all trial exhibits, names, and addresses of all trial witnesses. Each party's witness list must include a brief description of the substance and scope of the testimony to be elicited from each witness. Both sides must cooperate in the scheduling of all witness depositions.

Each party's exhibit list shall include each exhibit separately numbered and identified. Generic or prospective designations are not allowed (e.g. insurer's file, documents to be produced, etc.). Each party shall provide for a reasonable time and place for the other parties to review and copy the exhibits.

D.  EXPERT WITNESS DISCLOSURES

In addition to the names and addresses of each expert retained to formulate an expert opinion, as well as any hybrid fact/expert witnesses, no later than **two-hundred (200) days before Calendar Call**, the parties must provide:

1. The subject matter about which the expert will testify;
2. The opinions to which the expert will testify;
3. A summary of the grounds and facts for each opinion; and
4. A copy of the expert's curriculum vitae.

**Each expert will be limited to testifying only about those matters which have been fully disclosed.**

Parties shall furnish opposing counsel with two (2) alternative dates of availability of all expert witnesses for the purpose of taking their deposition. All parties shall cooperate in the scheduling of expert depositions.

The parties shall also provide answers to standard form expert interrogatories. All reports or other data compiled by each disclosed expert which are intended to be used by the expert and/or referred to during his/her deposition testimony shall be provided electronically to all opposing parties at least 72 hours prior to the date of the

Case No. 50-2025-CA-006554-XXXA-MB

scheduled deposition.

**Rebuttal/Responsive Experts**

No later than **one-hundred seventy (170) days before Calendar Call**, the parties shall provide opposing counsel with a written list with the names and addresses of all rebuttal/responsive expert witnesses intended to be called at trial and only those rebuttal/responsive expert witnesses listed shall be permitted to testify. The parties shall also furnish opposing counsel with expert reports or summaries of all rebuttal/responsive expert witnesses' anticipated testimony to the same extent as the expert disclosure requirement above.

Within **thirty (30) days** following this disclosure, the parties shall make their rebuttal/responsive experts available for deposition. The experts' depositions may be conducted without further Court order.

E.  REBUTTAL FACT WITNESSES AND EXHIBITS

No later than **sixty (60) days before Calendar Call**, the parties must file and exchange lists of names and addresses of all rebuttal fact witnesses and lists of any rebuttal exhibits.

F.  ADDITIONAL EXHIBITS, WITNESSES OR OBJECTIONS

At trial, the parties will be strictly limited to exhibits and witnesses previously disclosed absent agreement of the parties or order of the Court upon good cause shown. A party desiring to use an exhibit or witness discovered after counsel have conferred must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Failure to reserve objections constitutes a waiver. Use of the exhibit or witness may be allowed by the Court for good cause shown.

G.  DEPOSITION DESIGNATIONS

No later than **ten (10) days prior to Calendar Call**, each party must serve deposition designations, or portions of depositions, each intends to offer as testimony. No later than **eight (8) days prior to Calendar Call**, each opposing party is to serve any counter (or "fairness") designations, together with objections to the depositions, or portions thereof, originally designated. No later than **five (5) days before Calendar Call**, each party must serve any objections to counter-designations served by an opposing party.

H.  DISCOVERY COMPLETION

All discovery relating to Summary Judgment and *Daubert* motions must be

completed no later than **ninety (90) days prior to Calendar Call**.

All discovery must be completed no later than **forty (40) days prior to Calendar Call**.

Rulings as to admission on late discovery will be made on a case by case basis. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. <u>COUNSEL MEETING AND PRE-TRIAL STIPULATION</u>

Counsel or the parties, if not represented by counsel, shall meet in person at a mutually convenient time and place no later than **thirty (30) days before Calendar Call** to discuss settlement, simplify the issues, and stipulate to as many facts and issues as possible, and prepare a Pre-Trial Stipulation in accordance with this paragraph.

It shall be the duty of Plaintiff's counsel to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **ten (10) days prior to Calendar Call. UNILATERAL PRE-TRIAL STIPULATIONS ARE DISALLOWED, UNLESS APPROVED BY THE COURT AFTER NOTICE AND HEARING**. If a party does not receive a substantive response to a proposed Pre-Trial Stipulation after good faith effort, such party shall file a unilateral Pre-Trial Stipulation with a certification of all efforts that were made to confer with the opposing party. Counsel for all parties are charged with good faith cooperation in preparing the Pre-Trial Stipulation, and the parties shall make exhibits available for inspection and copying. Failure to cooperate in preparing the Pre-Trial Stipulation may result in striking pleadings, witnesses, or exhibits.

The Pre-Trial Stipulation must contain the following in separately numbered paragraphs:

1. Names and contact information of attorneys to try case.
2. A list of all pending motions requiring action by the Court. **Motions not listed are deemed abandoned or waived**.
3. A statement of estimated trial time, including the total number of trial days anticipated, and the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.
4. **Statement of the Facts:** A concise statement of the facts in an impartial, easily understandable manner which may be read to the jury.
5. **Statement Facts and Agreed Rules of Law:** A list of any stipulated facts requiring no proof at trial and any agreed rules of law.
6. **Statements of Disputed Law & Fact:** A statement of disputed issues of law and fact that are to be tried.
7. **Witness Lists:** Parties must attach their previously filed Witness Lists, including rebuttal or impeachment witnesses. If any party objects to any

Case No. 50-2025-CA-006554-XXXA-MB

witness, such objections must be stated in the Stipulation, setting forth the grounds with specificity. At trial, all parties will be strictly limited to witnesses properly and timely disclosed. Only those witnesses listed by NAME will be permitted to testify at trial.

8.  **Exhibit Lists:** Parties must attach their previously filed Exhibit Lists. All exhibits to be offered in evidence at trial must have been made available to opposing counsel for examination. Only those exhibits listed may be offered in evidence. If any party objects to the introduction of any such exhibit, such objection must be stated in the Pre-Trial Stipulation, setting forth the grounds with specificity. Demonstrative exhibits (e.g. PowerPoints, charts, enlargements of exhibits) to be used at a Jury Trial must be displayed to all counsel before being shown to the jury. All exhibits must be pre-marked and numbered consistent with Clerk guidelines.

9.  **Jury Instructions:** Counsel must identify all agreed-upon standard jury instructions and all special instructions. Any objections or disputed jury instructions must be attached and identified as to the party that proposed the instruction [indicated in redline/track changes]. Copies of all agreed-upon instructions or disputed instructions must be attached to the Stipulation as one document, redlined as necessary, along with copies of supporting statutory citations and/or case law.

10. **Verdict Forms:** The jury verdict form must be attached and designated as agreed to or disputed.

11. **Peremptory Challenges:** State the number of peremptory challenges for each party.

12. Other agreements or issues for trial, if any.

Failure to file a Joint Pre-Trial Stipulation as provided above may result in Court-imposed sanctions, including dismissal or default without further notice of the Court.

J.  <u>MOTIONS</u>

**Summary Judgment and *Daubert* Motions** must be filed at least **eighty (80) days before Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions and motions in limine), deposition objections, and expert challenges must be filed, served and heard at least **five (5) days before Calendar Call**.

K.  <u>PRE-MARKING EXHIBITS</u>

Prior to trial, each party is to mark for identification all exhibits in accordance with the guidelines of the Clerk of Court. Instructions and templates may be found at: www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence.

L.  <u>ENLARGED JURY PANELS</u>

Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. **To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least six (6) months before Calendar Call**. Failure to timely request an enlarged panel may result in Court-ordered sanctions, including a limitation on peremptory challenges.

M.  <u>INTERPRETERS</u>

Unless otherwise ordered by the Court, it shall be the responsibility of the party who needs the services of an interpreter, whether for a litigant or for a witness, to have a competent interpreter present in court.

N.  <u>JURY INSTRUCTIONS AND VERDICT FORM</u>

A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **three (3) days before Calendar Call** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

O.  <u>UNIQUE QUESTIONS OF LAW</u>

Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

III.  **<u>MEDIATION</u>**

A.  <u>MEDIATION REQUIRED</u>

1.  All parties are required to participate in mediation.
2.  The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
3.  At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.
4.  All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.
5.  The mediator has no power to compel or enforce a settlement agreement. If a

Case No. 50-2025-CA-006554-XXXA-MB

settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. <u>MEDIATION SCHEDULING</u>

**The Plaintiff's attorney is responsible for scheduling mediation**. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. <u>COMPLETION OF MEDIATION BEFORE CALENDAR CALL</u>

Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than **ten (10) days prior to Calendar Call**. If mediation is not conducted, or if a party fails to participate in mediation, the Court may impose sanctions, including monetary sanctions, striking pleadings and witnesses, and dismissal or default without further notice of the Court.

D. <u>OPPOSITION TO MEDIATION</u>

Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

IV. **<u>NON-COMPLIANCE</u>**

**NON-COMPLIANCE WITH ANY PORTION OF THIS ORDER MAY RESULT IN THE STRIKING OF THE PLEADINGS, WITNESSES, OR EXHIBITS, ENTRY OF DEFAULT OR DISMISSAL WITHOUT FURTHER NOTICE OF THE COURT, OR IMPOSITION OF SUCH OTHER SANCTIONS AS IS JUST AND PROPER.**

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2025-CA-006554-XXXA-MB   07/04/2025
Gregory M. Keyser   Circuit Judge

50-2025-CA-006554-XXXA-MB   07/04/2025
Gregory M. Keyser
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

Case No. 50-2025-CA-006554-XXXA-MB

This notice is provided pursuant to Administrative Order No. 2.207-7/22

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA.

CASE NO.: 50-2025-CA-006554-XXXA-MB

JANET MELILLO

     Plaintiff,

v.

VEYER LLC.,
Foreign Limited Liability Company d/b/a
OFFICE DEPOT INC.,
Florida Profit Corporation

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** VEYER LLC**.,** through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     PETER HOOGERWOERD, ESQ.
     REMER, GEORGES-PIERRE
     & HOOGERWOERD, PLLC
     2745 Ponce De Leon Blvd.
     Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      _____
CLERK                          DATE

_____

NOT A CERTIFIED COPY

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 50-2025-CA-006554-XXXA-MB

JANET MELILLO

      Plaintiff,

v.

VEYER LLC.,
Foreign Limited Liability Company and
OFFICE DEPOT INC.,
Florida Profit Corporation

      Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** OFFICE DEPOT, INC**.,** through its Registered Agent:

MARTIN R. PRESS
ONE FINANCIAL PLAZA, SUITE 2000
FT. LAUDERDALE, FL 33394

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER HOOGERWOERD, ESQ.
REMER, GEORGES-PIERRE
& HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.  You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

_____        _____
CLERK                                                               DATE

_____
(BY) DEPUTY CLERK



**JOSEPH ABRUZZO**

**RECEIPT**
5865547

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
07/11/2025 10:13
Page 1 of 1

| Receipt Number: 5865547 - Date 07/11/2025  Time 10:13AM | | | |
|---|---|---|---|
| **Received of:** | REMER GEORGES PIERRE  HOOGERWOERD PLLC<br>2745 PONCE DE LEON BLVD<br>CORAL GABLES, FL 33134 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 20.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 20.00 |
| **Receipt ID:** | 12315293 | **Remaining Balance:** | 0.00 |
| **Division:** | AA: Circuit Civil Central - AA(Civil) | | |

| Case# 50-2025-CA-006554-XXXA-MB -- PLAINTIFF/PETITIONER: MELILLO, JANET | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 20.00 | 20.00 | 0.00 |
| **Case Total** | **20.00** | **20.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | 15609702 | **20.00** |
| **Total Received** | | **20.00** |
| **Total Paid** | | **20.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.


NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA.

CASE NO.: 50-2025-CA-006554-XXXA-MB

JANET MELILLO

     Plaintiff,

v.

VEYER LLC.,
Foreign Limited Liability Company d/b/a
OFFICE DEPOT INC.,
Florida Profit Corporation

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** VEYER LLC.**,** through its Registered Agent:

        C T CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND ROAD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER HOOGERWOERD, ESQ.
        REMER, GEORGES-PIERRE
        & HOOGERWOERD, PLLC
        2745 Ponce De Leon Blvd.
        Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will
be taken against you for the relief demanded in the complaint.  You must also file your answer
with the Clerk of this Court within a reasonable period of time after service.

**JOSEPH ABRUZZO**
_____
CLERK

_____
(BY) DEPUTY CLERK   **JOSIE LUCCE**

**Jul 17 2025**
_____
DATE



**This notice is provided pursuant to Administrative Order No. 2.207-7/22\***

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**"

"**Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**"

IN THE CIRCUIT COURT OF THE 15th
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 50-2025-CA-006554-XXXA-MB

JANET MELILLO

     Plaintiff,

v.

VEYER LLC.,
Foreign Limited Liability Company and
OFFICE DEPOT INC.,
Florida Profit Corporation

     Defendant.

_____/

## SUMMONS IN A CIVIL CASE

**TO:** OFFICE DEPOT, INC**.,** through its Registered Agent:

MARTIN R. PRESS
ONE FINANCIAL PLAZA, SUITE 2000
FT. LAUDERDALE, FL 33394

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER HOOGERWOERD, ESQ.
REMER, GEORGES-PIERRE
& HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**JOSEPH ABRUZZO**

CLERK

     **Jul 17 2025**
_____
DATE

_____
(BY) DEPUTY CLERK **JOSIE LUCCE**



This notice is provided pursuant to Administrative Order No. 2.207-7/22*

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings Jr., MPA, PHR, the Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.  Tenga la amabilidad de ponerse en contacto con William Hutchings Jr., MPA, PHR, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings Jr., MPA, PHR, k donatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telef n li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JANET MELILLO,

    Plaintiff,

v.

                          CASE NO. 50-2025-CA-006554-XXXA-MB

VEYER LLC, Foreign Limited Company d/b/a
OFFICE DEPOT INC., Florida Profit
Corporation,

    Defendant.

## NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF E-MAIL ADDRESSES

    The law firm of Littler Mendelson, P.C., enters the appearance of Rocio Blanco Garcia,

Esq., as counsel for and on behalf of the Defendant, in this cause, and requests that all papers and

pleadings, notices, correspondence, orders, and other papers be served on the undersigned. Further,

pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the

following primary and secondary e-mail addresses for mail service in this case.

                Primary E-Mail:      *rblancogarcia@littler.com*
                Secondary E-Mail:   *grivas@littler.com*
                Additional E-Mail:   *#miamiecfiling@littler.com*

           *             *             *

Dated this 30th day of July 2025.

Respectfully submitted,

By: */s/ Rocio Blanco Garcia*
Rocio Blanco Garcia, Esq.
Florida Bar No. 99304
E-mail: *rblancogarcia@littler.com*
Elizabeth J. Stewart, Esq.
Florida Bar No. 1059581
E-mail: *elstewart@lttler.com*
LITTLER MENDELSON, P.C.
Miami Tower
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2025, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

*Counsel for Plaintiff*

Peter M. Hoogerwoerd, Esq.
REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telp. (305) 416-5000
E-Mail: pmh@rgph.law

*/s/ Rocio Blanco Garcia*
Rocio Blanco Garcia, Esq.

4854-0879-2569.1 / 125642-1001

2

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

JANET MELILLO,

      Plaintiff,

v.

                CASE NO. 50-2025-CA-006554-XXXA-MB

VEYER LLC, Foreign Limited Company d/b/a
OFFICE DEPOT INC., Florida Profit
Corporation,

      Defendant.

## NOTICE OF APPEARANCE OF COUNSEL AND DESIGNATION OF E-MAIL ADDRESSES

The law firm of Littler Mendelson, P.C., enters the appearance of Elizabeth J. Stewart, Esq., as counsel for and on behalf of the Defendant, in this cause, and requests that all papers and pleadings, notices, correspondence, orders, and other papers be served on the undersigned. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for mail service in this case.

          Primary E-Mail:     *elstewart@littler.com*
          Secondary E-Mail:  *grivas@littler.com*
          Additional E-Mail:  *#miamiecfiling@littler.com*

*NOT A CERTIFIED COPY*

                  \*          \*          \*

Dated this 30th day of July 2025.

Respectfully submitted,

By: */s/ Elizabeth J. Stewart*
Rocio Blanco Garcia, Esq.
Florida Bar No. 99304
E-mail: *rblancogarcia@littler.com*
Elizabeth J. Stewart, Esq.
Florida Bar No. 1059581
E-mail: *elstewart@lttler.com*
LITTLER MENDELSON, P.C.
Miami Tower
100 SE 2nd Street, Suite 3210
Miami, FL 33131
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal system. I also certify that the foregoing document is being served on all counsel of record or pro se identified on the attached Service List via transmission of notices of Electronic Filing generated by the Florida Courts E-Filing Portal or in some other authorized manner.

*Counsel for Plaintiff*

Peter M. Hoogerwoerd, Esq.
REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL 33134
Telp. (305) 416-5000
E-Mail: *pmh@rgph.law*

/s/ Elizabeth J. Stewart
Elizabeth J. Stewart, Esq.

4854-0879-2569.1 / 125642-1001

2

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

JANET MELILLO,

       Plaintiff,

v.

VEYER LLC, Foreign Limited Company d/b/a
OFFICE DEPOT INC., Florida Profit
Corporation,

       Defendant.

CASE NO. 50-2025-CA-006554-XXXA-MB

**AGREED ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

**THIS CAUSE**, having come before this Court on Defendant's Agreed Motion for Extension of Time to Respond to Plaintiff's Complaint (the "Motion"), and the Court having reviewed the file and being otherwise advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

The Defendant's Motion is hereby **GRANTED**. The Defendant has up and until August 21, 2025 to respond to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Palm Beach County, Florida.

502025CA006554XXXAMB    08/07/2025
Gregory M. Keyser    Circuit Judge

502025CA006554XXXAMB    08/07/2025
Gregory M. Keyser
Circuit Judge

Copied to those registered on the Florida Court's E-Filing Portal



2