UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:25-cv-81015-AMC

JANET MELIILO

    Plaintiff,

v.

VEYER LLC,
a Foreign Limited Liability Company

    Defendant.

_____/

## AMENDED COMPLAINT

Plaintiff JANET MELILLO ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, VEYER LLC. ("Defendant"), and alleges as follows:

1. This is an action for damages resulting from Defendant's violations of the Family and Medical Leave Act ("FMLA") and the Florida Civil Rights Act of 1992 ("FCRA").

2. Plaintiff was, at all times relevant to this action, employed by Defendant in Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

3. Defendant has been organized and existing under the laws of the State of Florida and has been an "employer" as that term is used under the applicable laws, including the FMLA and the FCRA.

4. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the relevant calendar years.

5. Prior to seeking medical leave, Plaintiff had been employed by Defendant for at least twelve (12) months, and he had worked at least 1,250 hours during those twelve (12) months.

6. Venue is proper in Palm Beach County because all of the actions that form the basis of this Complaint occurred within Palm Beach County.

7. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Defendant employed Plaintiff as an Operations Supervisor from on or about February 4, 2020, through on or about July 18, 2022.

10. While employed by Defendant, Plaintiff was diagnosed with cancer. Despite undergoing chemotherapy and multiple medical procedures, she continued to report to work.

11. In or around August 2021, Plaintiff's doctor advised her to take medical leave due to her condition. Based on this advice, Plaintiff began an FMLA leave of absence from August 2021 through September 1, 2022.

12. On or about May 17, 2022, Kanisha Sims, a Human Resources representative, emailed Plaintiff a document requesting that her doctor provide a signed statement indicating her expected return-to-work date.

13. Plaintiff complied with the request, and her doctor confirmed in writing that she would return to work on September 1, 2022. Human Resources acknowledged receipt of the completed form via email.

14. On or about July 18, 2022, Plaintiff received an email from Defendant's corporate office stating that she was being terminated for allegedly failing to notify them of her return-to-work date.

## COUNT I
### *Interference with Rights Under the FMLA*

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. Plaintiff is an individual entitled to protection under the FMLA.

17. Plaintiff is an employee within the meaning of the FMLA.

18. Plaintiff engaged in protected activity within the meaning of the FMLA.

19. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

20. Defendant's actions constitute violations of the FMLA.

21. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein, plus an equal amount as liquidated damages;

   C. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation Under the FMLA*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

23. Plaintiff is an individual entitled to protection under the FMLA.

24. Plaintiff is an employee of Defendant within the meaning of the FMLA.

25. Plaintiff and/or an individual closely associated with Plaintiff engaged in protected activity within the meaning of the FMLA.

26. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

27. Defendant's actions constitute a violation of the FMLA.

28. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein, plus an equal amount as liquidated damages;

C. Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or

4

      in lieu of reinstatement, award her front pay;

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation Under the FCRA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

30. Defendant is an employer as that term is used under the applicable statutes referenced above.

31. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

32. The foregoing unlawful actions by Defendant were done purposefully.

33. Plaintiff voiced her opposition to the unlawful employment practices to which she had been subjected during her employment with Defendant, and she was subsequently the victim of retaliation, as described in part above.

34. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

35. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

36. These damages are continuing and are permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>***COUNT IV***</u>
***Disability Discrimination on Violation of FCRA***

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 of this Complaint as if set out in full herein.

38. Plaintiff is a member of a class of persons protected in their employment against discrimination within the meaning of the FCRA, as he is a former employee of Defendant who suffered from, or was regarded as suffering from, one or more physical or mental health conditions that caused her to experience substantial limitations to her ability to perform one or more major life activities, as related in part above.

39. As a result of Plaintiff's condition(s), Plaintiff experienced substantial limitations to her ability to perform one or more major life activities, as related in part above.

40. At all times material hereto, Plaintiff was qualified for her position with Defendant and could perform the essential functions of her position with or without the use of a reasonable accommodation.

41. Plaintiff was known to have or regarded as having a disability by Defendant and Defendant's managers and/or supervisory personnel, as Plaintiff had informed Defendant of her injuries that led to her conditions that substantially limited her ability to perform one or more major life activities, several of which occurred at or were related to her position with Defendant and Defendant had knowledge of the surgeries Plaintiff needed related to her condition(s).

42. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability or perceived disability and subjected the Plaintiff to disability-based animosity.

43. Such discrimination was based upon the Plaintiff's disability or perceived disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability or was regarded as having a disability.

44. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

45. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

46. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and federal law.

49. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to State and federal law, to punish the Defendant for its actions and to deter it, and others, from engaging in such action in the future.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

   **WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   C. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated November 4, 2025                                      Respectfully submitted,

/s/ Peter M. Hoogerwoerd
Peter M. Hoogerwoerd esq.
Florida Bar No.: 188239
pmh@rgph.law
**REMER, GEORGES-PIERRE & HOOGERWOERD PLLC**
2745 Ponce de Leon Blvd.
Coral Gables, Florida 33134
Tel: 305-416-5000